**GENERAL MOTORS CORPORATION et al.
v. BAJORK et al.**
No. 10717.

Circuit Court of Appeals, Eighth Circuit.
May 5, 1937.

Lyon Anderson, of St. Louis, Mo. (John S. Leahy, H. F. Hecker, and Leahy, Walther, Hecker & Ely, all of St. Louis, Mo., on the brief), for appellants.

John J. Babe, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, National Labor Relations Board, and Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., David C. Shaw, Atty., National Labor Relations Board, of St. Louis, Mo., and A. Norman Somers and Mark Lauter, Attys., National Labor Relations Board, both of Washington, D. C., on the brief), for appellees.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

This is an action to enjoin a hearing before a Regional Director of the Labor Relations Board. The basis for relief stated in the petition is the invalidity of the National Labor Relations Act (49 Stat. 449 [29 U.S.C.A. §§ 151–166]). A motion to dismiss the petition was filed. From a decree sustaining the motion and dismissing the petition, this appeal is brought.

The assignments of errors present two broad issues here: The jurisdiction of equity in a situation of this character and the validity of the act. At the time this case was submitted this court was advised that the Supreme Court would shortly consider a series of cases involving the validity of the act. In view of that situation, we deemed it wise to hold this case under submission until the Supreme Court should determine those cases as such determination might announce principles decisive of this case.

The Supreme Court has now acted. The case of National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S.Ct. 615, 81 L.Ed. ——, has determined the validity of the act. The prin-

ciples announced therein are applicable to this case and are controlling.

We do not examine the issue here as to the existence of equitable jurisdiction. Even if such jurisdiction exists, the decree must be affirmed upon the issue of validity of the act.

The decree must be, and is, affirmed.